UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff-Respondent,

v.

LAWRENCE GERARD NASSAR,

Defendant-Movant.
_______________________________/

Case No. 1:16-cr-242

HON. JANET T. NEFF

**OPINION AND ORDER**

Pending before the Court is Defendant Lawrence Nassar's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him (ECF No. 64) and motion to appoint counsel (ECF No. 66). The government responded to Defendant's § 2255 motion (ECF No. 67), and Defendant filed a reply (ECF No. 68). For the reasons that follow, the Court denies Defendant's motions and issues this Opinion and Order. The Court will also issue a Judgment in this § 2255 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

## I. BACKGROUND

On February 7, 2017, a grand jury returned a three-count superseding indictment charging Defendant with receipt and attempted receipt of child pornography, possession of child pornography, and destruction and concealment of records and tangible objects. On July 11, 2017, Defendant pled guilty to all three counts. His plea was accepted, and he was adjudicated guilty on July 26, 2017.

On December 7, 2017, the Court sentenced Defendant to the combined-statutory maximum of 720 months incarceration. The Court directed that Defendant was to serve his federal sentence consecutive to any state sentence.[1]

Defendant then filed a direct appeal, claiming (1) "the district court erred in assessing criminal history points for his state convictions because those convictions were included in the relevant conduct used to calculate his offense level," and (2) "that his sentence is procedurally unreasonable because the district court failed to consider U.S.S.G § 5G1.3(c) when it required him to serve his federal sentence consecutive to his state sentences" (6th Cir. Ord., ECF No. 60 at PageID.494). The Sixth Circuit affirmed on August 22, 2018 (*id*. at PageID.496-497).

Now, Defendant raises four grounds in his § 2255 motion. In ground one, Defendant claims that a conviction for both receipt and possession of child pornography violates double-jeopardy. In grounds two and three, Defendant claims that the conditions of supervised release imposed by the Court violate his First Amendment right to free speech by restricting his use of electronic devices and areas where he may enter. Finally, in ground four, Defendant raises two ineffective assistance of counsel claims for failure to object to (1) the Court's calculation of his criminal history points and (2) the Courts "fail[ure] to consider U.S.S.G. § 5G1.3(c)" when issuing a consecutive sentence (ECF No. 64 at PageID.512, 519).

## II. ANALYSIS

### A. § 2255 Motion Standard

A prisoner who moves to vacate his sentence under 28 U.S.C. § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court

[1] After his sentencing in this federal case, Defendant was sentenced in Ingham County Circuit Court to 40-175 years imprisonment and in Eaton County Circuit Court to 40-125 years imprisonment.

was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, the movant must demonstrate "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

The general rule is that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Claims of ineffective assistance of counsel are an exception to this general rule. Claims of ineffective assistance of counsel "are more properly available in a post-conviction proceeding under 28 U.S.C. § 2255, after the parties have had the opportunity to develop an adequate record on the issue from which the reviewing court is capable of arriving at an informed decision." *United States v. Williams*, 612 F.3d 500, 508 (6th Cir. 2010) (quoting *United States v. Rahal*, 191 F.3d 642, 645 (6th Cir. 1999)).

**B. Discussion**

Grounds one, two, and three in Defendant's § 2255 motion are procedurally barred. None of these grounds were raised on direct appeal. To overcome this procedural bar, Defendant was required to show either (1) cause and actual prejudice, or (2) actual innocence. *Massaro*, 538 U.S. at 504. Defendant has failed to meet this burden. His conclusory claims about alleged new court opinions and rulings that present newly available grounds to appeal are insufficient to show cause or prejudice. *See Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) ("Habeas petitioners cannot rely on conclusory assertions of cause and prejudice to overcome procedural default; they must present affirmative evidence or argument as to the precise cause and prejudice produced.").

The affirmative evidence that could have shown cause for Defendant's failure to raise these claims on appeal would have been the specific cases that presented newly available grounds. Defendant did not provide any case names to support his conclusory assertions of cause.[2]

Defendant failed to show cause for failing to raise these issues on appeal. He also makes no claim for actual innocence. Therefore, the first three grounds raised by Defendant are procedurally barred.

Defendant's fourth ground in his § 2255 motion contains two ineffective assistance of counsel claims. Each claim is based on his counsel failing to object, first during the assessment of Defendant's criminal history points and second when the court determined he would serve his sentence consecutive to any state sentence. Both issues were rejected on direct appeal (ECF No. 60 at PageID.494-497). While Defendant now brings these issues via an ineffective assistance of counsel claim, it is clear he is actually attacking the underlying guidelines calculations. He claims his attorney's failure to object prejudiced him by causing his direct appeal to fail.

Guideline issues, like any other non-constitutional claims, are generally improper in § 2255 motions. *See Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018). Nonetheless, Defendant's attorneys did not render ineffective assistance of counsel. After the Court correctly calculated his criminal history points, Defendant's lawyers did not raise any objection as doing so would have been meritless. There is no prejudice to the Defendant because no objection to the criminal history points calculation, even if one had been made, would have changed the outcome. Further, even if

---

[2] Defendant argues in his reply (ECF No. 68) that his reason for only making conclusory statements and not including the case names in his motion was that the § 2255 form instructions say not to argue case law and to only cite supporting facts. These instructions prevented Defendant from arguing case law, but not from referencing the alleged cases that open new grounds for appeal that he relies on. Without the specific cases, Defendant's conclusory statements fail to show cause or prejudice to overcome his burden.

the Court had miscalculated the criminal history score, and his counsel had objected, the record shows that the Court still would have sentenced Defendant to the maximum (ECF No. 58 at PageID.482-483).

Defendant also claims it was ineffective assistance of counsel for his lawyer to fail to object to the sufficiency of the Court's reasoning for sentencing him to serve his federal sentence consecutive to any state sentence. During sentencing, the Court stated:

> Mr. Nassar was, is, and in my view will continue to be a real and present danvger to children. And it is through consecutive sentencing that I can take into account the need to deter this man from harming innocent girls and young women for the rest of his life. Based on his behavior over a long period of time, he has demonstrated that he should never again have access to children.

(ECF No. 58 at PageID.482-483). The Court stated its rationale on the record, which is all the law requires. *United States v. Murphy*, 591 F. App'x 377, 386 (6th Cir. 2014). Because there was no error or insufficiency to which Defendant's counsel could have objected, failure to raise a meritless objection is not constitutionally ineffective assistance.

Defendant has failed to show that either of these meritless objections, had they been made, would have changed the outcome. Because Defendant's ineffective assistance of counsel claims fail to show any constitutional defect in counsel's performance, or that prejudice resulted, Defendant's fourth ground is denied.

**C. Appointment of Counsel**

There is no general constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The Court has discretion, however, to appoint counsel if "the interests of justice so require." *See* 18 U.S.C. § 3006A(a)(2)(B). Here, Defendant presents no circumstances to warrant the appointment of counsel in the interests of justice.

**D. Evidentiary Hearing**

In an action to vacate or correct a sentence, a court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the movant's allegations "'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Having decided that the files and records in this case conclusively show that Defendant is not entitled to relief under 28 U.S.C. § 2255, no evidentiary hearing is required to resolve the merits of his pending § 2255 motion.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1)(B), the Court must further determine whether to grant a certificate of appealability as to the issues Defendant raises in his § 2255 motion. *See* Rules Governing § 2255 Proceedings, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *See Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

Regarding Defendant's ineffective assistance of counsel grounds, constitutional claims that this Court rejected on the merits, the showing required to satisfy § 2253(c) is straightforward: "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Defendant's claims debatable or wrong. A certificate of appealability will therefore be denied as to these issues.

On the remaining issues, which this Court rejected on procedural grounds without reaching their merits, a certificate of appealability

> should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.

*See Slack*, 529 U.S. at 484. The Court holds that reasonable jurists could not find this Court's procedural rulings debatable. Therefore, the Court also denies Defendant a certificate of appealability as to the remaining issues presented.

## IV. CONCLUSION

For the foregoing reasons, Defendant's § 2255 motion, motion to appoint counsel, and a certificate of appealability as to each issue asserted are denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 64) is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motion to Appoint Counsel (ECF No. 66) is DENIED.

**IT IS FURTHER ORDERED** that a certificate of appealability is DENIED as to each issue asserted.

Dated: February 9, 2023

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge